Mr. Justice Bradley
delivered the opinion of the court:
In this case, in accordance with the rules adopted by this court to regulate appeals from the Court of Claims, the latter court have sent up a finding of the facts and their conclusions of law on said facts, on which they founded their decree. On behalf of the United States, application is now made for a certiorari to require said court to certify as to the existence or proof of certain other facts which are not contained in their original finding and return.
The suit was brought in the Court of Claims by the appelleesto recover certain deductions, made from vouchers issued to them by quartermasters at Saint Louis, which deductions had been made in 1861-’62, by direction of a commission, after an examination of the claims for which the vouchers were issued.. Since the decision of the case of Adams vs. The United States,, in this court, it has become material for the Government, in cases of this sort, to show the fact that the claimants voluntarily presented their claims to the said commission. This, fact, though proof of it is alleged to have been offered in the court below, was not stated in the finding of facts sent to this court, probably not being deemed material at the time the find *160 ing was made. What the solicitor for the United States particularly desires to be certified is—
First. Whether or not, before the seizure of the books and papers of the claimants, as found by the said court, the claims of the claimants had been submitted or presented to the said commission by the said claimants.
Second. Whether or not the said claims were so submitted or presented after such seizure.
Third. Whether or not the said claimants appeared before the said commission with witnesses to support their said claims; and, if they did so appear, whether or not it was before or after the seizure of their books and papers by the provost guard of Saint Louis.
And the appellant further ask that the Court of Claims be directed, in making the findings of facts herein called for, to use and regard the deposition of E. W. Fox, one of the claimants, as an admission on the part of the said appellees.
While we are of opinion that the appellants are entitled to have the finding made complete on the points indicated by the interrogatories, either affirmatively or negatively, we do not regard a certiorari as the proper mode of effecting the object. This writ is properly used to bring up to the court of error, on an allegation of diminution, out-branches of the record, or other documents and writings in the court below, which have not been previously certified or sent. The facts asked for in this case are not documents or writings, but conclusions to be deduced from the evidence before the Court of Claims. The proper method of obtaining a finding in reference to these alleged facts is an order of this court, to be directed to the court below, on motion duly made, requiring that court to make return as to the existence or non-existence of such facts. Such an order it will be proper to make, for the same reason that renders a certiorari proper on an allegation of diminution of the record. But we cannot give the Court of Claims any directions as to what finding it shall make, or how it shall proceed to make up its finding on the points in question. If that court should refuse, with the proper evidence before it, to find a material fact desired by either of the parties, the proper remedy would be to make a request that such finding be made, and to except in case of refusal. Perhaps an additional rule on the subject would make the rights of parties and the duty of the court less ambiguous than they now are.
*161 The following order will be made in the case:
Ordered, That the record in this case be remanded to the Court of Claims, and that said court be instructed to find and certify to this court, as matters of fact, in addition to the facts found and certified in said record—
First. Whether or not, before the seizure of the books and papers of the claimants, as found by the said court, the claims of the claimants had been submitted or presented by them to the commission, consisting of Hon. David Davis, Joseph Holt, and Hugh Campbell, referred to in the record.
Second. Whether or not the said claims were so submitted or presented after such seizure.
Third. Whether or not the said claimants appeared before the said commission with witnesses to support their said claims; and, if they did so appear, whether or not it was before or after the seizure of their books and papers by the provost guard of Saint Louis.
And it is further ordered that the said record, with the said additional findings of fact, be returned to this court with all convenient speed.