RIPLEY *v.* UNITED STATES.

UNITED STATES *v.* RIPLEY.

APPEALS FROM THE COURT OF CLAIMS
ON RETURN TO MANDATE DIRECTING ADDITIONAL FINDINGS.

Nos. 498, 499.   Submitted May 29, 1911.—Decided December 4, 1911.

Where the right of one claiming under a contract with the United
   States depends on whether the government inspector acted in good
   or in bad faith in refusing to allow the work to proceed, the findings
   of the Court of Claims should be specific in this respect; and if not,
   the case will be remanded with directions to make specific findings.
Findings, which simply state that the inspector in immediate charge
   of the work acted with knowledge, other inspectors being also re-
   ferred to in the findings, and which do not make a direct and un-
   equivocal finding as to the good or bad faith of the inspector in giv-

ing the orders, do not conform to the order of this court heretofore made in this case, 220 U. S. 491, and the case is remanded for further compliance therewith.

THE facts, which involve the sufficiency of findings of the Court of Claims, are stated in the opinion.

*Mr. Wm. H. Robeson,* with whom *Mr. Benj. Carter* and *Mr. F. Carter Pope* were on the brief, for appellant in No. 498, and appellee in No. 499.

*Mr. Assistant Attorney General John Q. Thompson,* with whom *Mr. Philip M. Ashford* was on the brief, for the United States.

MR. CHIEF JUSTICE WHITE delivered the opinion of the court.

Ripley recovered the sum of alleged losses occasioned by the delay consequent on the refusal of the inspector in charge of certain jetty work, being performed under contract with the United States in Aransas Pass, Texas, to permit the placing of certain crest blocks on the foundation intended to receive them. Both the United States and Ripley appealed. At the last term, when the case was before us, it became necessary to ascertain how far the findings of fact established the good or bad faith of the inspector in refusing to permit the crest blocks to be placed in position, and even upon the hypothesis of bad faith, to determine whether Ripley had been so negligent in notifying the engineer officer who was in charge of the work of the refusal of the inspector as to bar a right to recover for loss occasioned by such refusal. Concluding that the findings of fact on these subjects were so inadequate and possibly so misleading as to render it impossible for us to decide the cause on the merits, our action was stayed and the court below was directed to make and transmit as

speedily as possible additional findings on the subjects referred to, as follows:

"First. Whether, when the claimant was laying the slope stones and during the months of December, 1903, and January, February, March and April, 1904, as recited in Finding VII, the inspector in charge knew 'that large parts of the work done by the claimant had fully settled and consolidated.'

"Second. Whether in the various refusals to permit the laying of crest blocks stated in Finding VII the inspector in charge acted in good faith.

"Third. Whether at any time the claimant notified the engineer officer in charge or the chief of engineers that the inspector in charge wrongfully refused to permit the laying of the crest blocks, and if such notice was given, whether it was oral or written, when the notice or notices were given, and what action, if any, was taken by such superior officer."

[See 220 U. S. 491.]

The case is now before us upon additional findings made by the court below in assumed compliance with our previous order. These findings are as follows:

"(1) When denying permission to the claimant to lay crest blocks, as stated in Finding VII, the inspector in charge knew from the time which had elapsed that large parts of the core theretofore completed by the claimant had fully settled and consolidated and were ready for the crest blocks to be laid thereon.

"(2) The refusal of said inspector to allow crest blocks to be laid at the time requested in said Finding VII thereby unreasonably delayed the work and was, on his part, a gross mistake. There is no other evidence of bad faith on the part of the assistant engineer in immediate charge.

"(3) There is no evidence to show that any protest or notice was ever made to the engineer in charge (whose of-

fice was in Galveston) or to the Chief of Engineers (whose office was in Washington) or to any officer other than the assistant engineer in immediate charge of the work of inspection."

But when we again approach the duty of deciding the case on its merits in the light afforded by these additional findings, we are constrained to the conclusion that they fail to comply with our previous order, directing a finding as to knowledge on the part of the inspector and an unequivocal finding as to his good or his bad faith.

A few words will suffice to indicate the reasons which compel us to this conclusion. Thus, in the first place, while paragraph 1 finds that the inspector knew, at the time he made the refusal to permit the placing of the crest blocks upon the foundations, that they had sufficiently consolidated to be able to receive the blocks, this is qualified by the statement that such knowledge on the part of the inspector was but derived from the period which had elapsed between the building of the foundations and the time when the refusal to permit the laying of the crest blocks was made. But this qualification causes the paragraph to be ambiguous as to the existence or non-existence of good faith on the part of the inspector, since there is nothing in the paragraph which directly or indirectly establishes that the mere lapse of time, in view of the nature and character of the work, the materials which had entered into it and the situation in which it was placed, which caused it to be impossible for the inspector to have been in good faith when he refused to permit the crest blocks to be laid.

And the same result arises from an accurate consideration of the second paragraph. This is true because, although that paragraph states that the refusal to permit the laying of crest blocks unreasonably delayed the work and was a gross mistake on the part of the inspector, these statements are qualified by the finding that there is no other evidence of bad faith "on the part of the assistant

engineer in immediate charge," a qualification which necessarily co-relates the two paragraphs and again causes the inference of gross mistake to depend upon the lapse of time referred to in the first paragraph, without any finding whatever justifying the deduction that the lapse of time, in view of the other proof in the case, excluded the possibility of the exercise of an honest judgment on the part of the inspector.

Again, while the third paragraph is clear when considered in and of itself, it nevertheless, when read in connection with the two other paragraphs, exhibits such an inaccuracy of statement as may tend to mislead, and therefore requires to be corrected. The refusal to permit the laying of the crest blocks, as shown by the original findings, was made by the inspector in immediate charge of the work, and it was as to the good or bad faith of that person to which our previous order was directed. Evidently, recognizing that fact, the first paragraph of the additional finding speaks solely with reference to the assumed knowledge of the inspector in charge, and yet the second and third paragraph, by referring the one to "the assistant engineer in immediate charge," and the other to "the assistant engineer in immediate charge of the work of inspection," may give rise to confusion by suggesting that these two findings, by their change of language, refer to a different person than the mere inspector in charge.

Concluding, for the reasons stated, that the additional findings do not conform to our previous order, since they do not make a direct and unequivocal finding as to the good or bad faith of the inspector, it becomes necessary that such findings be returned to the court below, to the end that our previous direction may be complied with, and an order to that effect will be therefore entered.

*The case will therefore be remanded for compliance with our previous order.*