PRESIDIO MINING CO. et al. v. OVERTON et al.

(Circuit Court of Appeals, Ninth Circuit. January 5, 1920.)

No. 3253.

APPEAL AND ERROR ☞660(2)—CERTIORARI FOR DIMINUTION OF RECORD NOT GRANTED WHERE MOTION WAS NOT MADE AT FIRST TERM OF ENTRY OF CAUSE.

A motion for diminution of the record, seeking to bring up a master's report, not passed upon by the trial court, to which no reference was made in the argument on appeal, and not material to the questions there determined, will be denied, especially where made after the term when the cause was heard, in view of rule 18, requiring such motions to be made at the first term of the entry of the case, unless the delay be satisfactorily accounted for.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

On application of appellees W. S. Overton and Carl A. Martin for diminution of record.

For former opinion, see 261 Fed. 933, —— C. C. A. ——.

Harding & Monroe and J. J. Dunne, all of San Francisco, Cal., for appellants.

William F. Rose, Denman & Arnold and William B. Acton, all of San Francisco, Cal., and Chas. Clyde Spicer, of Los Angeles, Cal., for appellees.

Before GILBERT, MORROW, and HUNT, Circuit Judges.

PER CURIAM. The diminution of record mentioned by the appellees is the conclusions, findings, and opinion of the standing master, filed in the court below on November 30, 1918, and after the filing and docketing of the appeal herein in this court, and relates to matters upon which the lower court has not passed judgment, and was therefore not then, and not now, a part of the record to be brought to this court on the appeal heard by this court.

Upon the hearing in this court no suggestion was made, either orally or in the briefs, that there was an additional record in the lower court that the parties desired to have considered by this court. The case was submitted on the merits on the record before the court. Rule 18 of this court (208 Fed. x, 124 C. C. A. x) provides that—

"Motions for certiorari for diminution of record must be made at the first term of the entry of the case; otherwise the same will not be granted, unless upon special cause shown to the court, accounting satisfactorily for the delay."

There is no satisfactory, or any, accounting for the delay in presenting this motion. The appellees knew of this record in the court below, and participated in its proceedings, and yet it was not brought to the attention of this court during the term when the case was heard. Furthermore, it does not appear that the record is relevant to any question before the court.

In the original bill of equity, complainants sought on behalf of the Presidio Mining Company to recover from W. S. Noyes the mining claim designated as section 5, adjoining section 8, owned by the company, on the ground that the money paid therefor by Wm. S. Noyes was money belonging to the corporation. Upon the hearing before Judge Dooling on sufficiency of the bill charging that Noyes had purchased section 5 with money belonging to the corporation, the bill was dismissed, but with leave to amend. In the amended bill the charge was repeated that the money used in the purchase of section 5 was the money of the corporation, with some enlargement of the complaint; but the complainants failed to establish that fact, and the court below accordingly found and held that section 5 was purchased by Wm. S. Noyes for the company, but out of his own funds, and the decree provided that he should transfer the title to the company and that he was to be paid therefor the full amount, together with interest, assessments, etc. Noyes admitted that he purchased section 5 for the company, and was ready to transfer it to the company upon payment of the purchase price.

There was in the record a report of an official accountant, stating an account between Noyes and the company from January 1, 1913, to December 31, 1915, the purpose of which was to show that Noyes had received large sums of money by reason of the ownership of section 5. There was no exception or objection to this report. This court found' the facts as reported by the official accountants, and also found that the money received and due Noyes was money that was due him under the contract of November 19, 1913, and if the division of·the profits obtained from the working of ores taken from section 5 was unsatisfactory to the stockholders, they should have had the company terminate the lease or agreement upon 30 days' notice, as provided for in that agreement, and that in failing to do that the contract continued until it was terminated by .the decree of the District Court directing that Noyes should convey to the company, and the company should pay him for the amount he had paid for section 5.

In affirming the decree, this court provided that there should be an accounting from December 31, 1915, down to the date of the entry of the decree, and that the court below should enter a judgment in accordance with such an accounting. The motion for diminution of record, if granted, will bring up the master's report, that has not been passed upon by the District Court, and will include matters involved in the original decree; but it does not appear that appellees are entitled to have this report of the master considered by this court until it has been considered by the District Court.

With respect to the auditing of the books of the company by the new accountants, it is sufficient to say that it appears from the papers submitted to the court on this motion that this auditing was done by direction of the receiver at the request of Capt. Overton, but that Capt. Overton, in a letter written by him to his counsel, W. F. Rose, dated February 10, 1919, said:

"The audit has no possible connection with the suit of which the receiver is a part. Said suit is ended so far as new evidence is concerned, and should further irregularities be discovered new steps must be taken for recovery, which steps could be taken by the stockholders or directors, including any of the defendants in the present suit. Therefore the position that this audit has any bearing on the present suit is, to my mind, untenable."

It will be seen from this letter, and from the report of the special accountants, that such audit is not relevant to anything before this court. The case of U. S. v. Adams, 76 U. S. (9 Wall.) 661, 19 L. Ed. 808, seems to dispose of the motion for diminution of record, even if it was otherwise meritorious.

It may be that the judgment of this court should be modified, so as to give the court below authority to consider whatever matters may be brought to its attention in a proper way; but we think the application for certiorari to bring up the initial record should be denied.

So ordered.