## BLOCKTON CAHABA COAL CO. et al. v. UNITED STATES.

Circuit Court of Appeals, Fifth Circuit.
February 14, 1928.

No. 5138.

1. Trial ⊕395(1)—Special findings of fact on trial to court in law action should be complete on all issues.

On trial of law action to court, if special findings of fact are made, they should be complete on all issues.

2. Appeal and error ⊕268(2)—Party may bring up all evidence in trial to court by taking exceptions to denial of requests for findings of fact.

On review of action tried to court, either party may bring up all the evidence by making requests for findings of fact and excepting to their denial.

3. Internal revenue ⊕9(27)—Cost of extending slopes in coal mine is "invested capital" (Revenue Act 1917, § 201 [Comp. St. § 6336⅜b]).

In computing "invested capital" of a coal-mining company for purposes of excess profits tax under Revenue Act 1917, § 201 (Comp. St. § 6336⅜b), the cost of extending the slopes of a mine should be included, though a profit was then being realized from operation of the mine.

Appeal from the District Court of the United States for the Northern District of Alabama; Henry D. Clayton, Judge.

Actions at law by the Blockton Cahaba Coal Company and by the Little Cahaba Coal Company against the United States, consolidated for trial. Judgments for defendant, and plaintiffs appeal. Appeals treated as writs of error, judgments reversed, and cases remanded.

For opinion below, see 15 F.(2d) 863.

William S. Pritchard and John D. Higgins, both of Birmingham, Ala., for appellants.

J. S. Franklin, Asst. U. S. Atty., of Birmingham, Ala., Ralph E. Smith, Gen. Counsel, Internal Revenue Dept., of Washington, D. C. (C. B. Kennamer, U. S. Atty., of Birmingham, Ala., and C. M. Charest, Gen. Counsel, of Washington, D. C., on the brief), for the United States.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

BRYAN, Circuit Judge. The Blockton Cahaba Coal Company and the Little Cahaba Coal Company brought separate suits under the Tucker Act (24 Stat. 505) to recover an aggregate of $19,285.43, assessed and collected as an excess profit tax on income for the year 1917. That amount was paid under protest, and is over and above what was conceded to be due and paid. The two suits were consolidated, as both corporations were held in common ownership, and were engaged in mining coal on different parts of the same property, and after trial before the District Judge were dismissed. An appeal was taken, but, as the case is one at law, the appeal will be treated as a writ of error. Greenport Co. v. United States, 260 U. S. 512, 43 S. Ct. 183, 67 L. Ed. 370; Act of February 13, 1925, § 10, 43 Stat. 941 (28 USCA § 861; Comp. St. § 1649b). The amount sought to be recovered was collected under the Revenue Act of 1917, 40 Stat. 300. That act, by section 201 (Comp. St. § 6336⅜b) levies a graduated tax upon the net income of a domestic corporation derived from invested capital. Section 207 (Comp. St. § 6336⅜h) includes in the definition of "invested capital" of a corporation cash paid in, and the actual cash value of tangible property paid in other than cash at the time of such payment. Section 203 (Comp. St. § 6336⅜d) provides for deduction of, "in the case of a domestic corporation, the sum of (1) an amount equal to the same percentage of the invested capital for the taxable year which the average amount of the annual net income of the trade or business during the pre-war period was of the invested capital for the pre-war period (but not less than seven or more than nine per centum of the invested capital for the taxable year), and (2) $3,000."

Three questions were presented by the pleadings and the evidence to the trial court for decision. The first was the amount which should be allowed as capital invested in three coal-mining slopes. There were findings of fact to the effect that the slopes had been extended to the depths and at the cost claimed by plaintiffs, but that a profit had been realized from the operation of each mine at a depth much less than the full depth.

It was held as a matter of law that the cost of constructing the slopes should not be allowed as invested capital after a profit had been realized, and therefore the claims of plaintiffs for an allowance for the additional cost to the full depth of the slopes were rejected. The second question was the amount which should be allowed as capital invested in several hundred houses that had been erected as living quarters for employees at the mines. According to the findings of fact, the values placed by plaintiffs on these houses were supported by the appraisal of a mining engineer and the oral testimony of several witnesses; but the court adopted, as a basis for arriving at invested capital, only that part of the cost of material and labor which was shown by books kept by plaintiffs. The third and last was what percentage of the invested capital for the pre-war period represented the average amount of the annual net income during that period. There was no finding of fact upon this question, as it was deemed unnecessary to make one in view of the court's finding upon the other questions involved.

[1, 2] The evidence taken at the trial is brought here, and is referred to in the briefs as if we were at liberty to consider it. Our inquiry is limited to ascertaining whether the facts found by the trial court are sufficient to support the judgment. Chase v. United States, 155 U. S. 489, 500, 15 S. Ct. 174, 39 L. Ed. 234. It was the duty of the trial court to make complete findings of fact upon all the issues. Ripley v. United States, 220 U. S. 491, 31 S. Ct. 478, 55 L. Ed. 557; Id. 222 U. S. 144, 32 S. Ct. 60, 56 L. Ed. 131. The plaintiffs could have brought the evidence here by making requests for findings of fact and taking exceptions to the court's refusal to make such findings. United States v. Adams, 9 Wall. 661, 19 L. Ed. 808.

[3] We are of opinion that the court erred in the disposition made of the first question which related to the amount of capital invested in the mining slopes. What constitutes invested capital depends upon the use to which cash paid in or property acquired is put, and not upon the earning of a profit. Money laid out in the construction of a coal mine to a greater depth is invested capital, just as much as is money spent to add a second story to a building that already is rented at a profit. If it be true, as contended by plaintiffs, that the books kept by them only disclosed the cost of the planed lumber and hardware which they bought from others, but did not disclose the cost or value of the rough lumber which they furnished and manufactured, then the court should consider the value of such houses as a whole and not merely that part of the value shown by the books in arriving at the amount of invested capital. It is impossible to determine anything with reference to the third and last question involved; but, in the event

of another trial, a specific finding of fact on it should be made.

The judgment is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.