## LITTLE CAHABA COAL CO. v. SNEAD, Collector of Internal Revenue.

District Court, N. D. Alabama, S. D. at Birmingham. October 7, 1929.

No. 3496.

William S. Pritchard and John D. Higgins, both of Birmingham, Ala., for plaintiff.

C. B. Kennamer, U. S. Atty., and J. S. Franklin, Asst. U. S. Atty., both of Birmingham, Ala., and A. W. Gregg, Solicitor of Internal Revenue, and Ralph E. Smith, Sp. Atty., for Internal Revenue Bureau, both of Washington, D. C., for defendant.

CLAYTON, District Judge. This action was brought by Little Cahaba Coal Company, an Alabama corporation, having its principal place of business at Piper, in the Northern district of Alabama, against W. E. Snead, as collector of internal revenue for the district of Alabama, to recover certain income and profits taxes claimed by the plaintiff to have been erroneously and illegally assessed and collected by defendant from it, over plaintiff's protest, while the defendant was such collector of internal revenue, for the year 1918, under the Revenue Act of 1918 (40 Stat. 1057).

The parties entered into a written stipulation as to most of the material facts for the purposes of this suit, in which many of the material allegations are conceded. In addition to the stipulation, there was oral and documentary evidence offered by both the parties, as set forth in the findings of fact, which it is not necessary to here set forth.

There are but two remaining questions presented to the court for its determination in this suit: The extent to which plaintiff is entitled to capitalize the actual cost of its mine slopes for invested capital and depreciation purposes; and the extent to which plaintiff is entitled to capitalize the actual cost of its tenant dwelling houses for depreciation and invested capital purposes. The defendant concedes that both of these items are proper subject-matter for depreciation for both of the purposes herein named, the difference between the parties being the extent or the portion of the actual cost which should be capitalized. Defendant contends that plaintiff is entitled to capitalize the actual cost of its mine slopes to the point where the mines passed out of the development stage, or reached their maximum production. Plaintiff contends that they are entitled to capitalize the actual cost of their mine slopes, in keeping with the opinion of the Circuit Court of Appeals for the Fifth Circuit, in the case of Blockton Cahaba Coal Co. v. United States (C. C. A.) 24 F.(2d) 180, and the decision of this court in the case of Little Cahaba Coal Company v. United States (D. C.) 33 F.(2d) 796. The United States did not appeal from this latter decision, and the questions presented herein for

the year 1918 as to principle are the same as those presented in the 1917 case, supra.

As to the tenant dwelling houses, the defendant concedes that the plaintiff is entitled to capitalize these tenant dwelling houses, for depreciation purposes only, to the extent of $283,640.88. This figure defendant states represents the actual depreciated value of the houses in question for depreciation purposes, but defendant declines to allow this same value to plaintiff for invested capital, for that the defendant contends that the plaintiff has not established this value by its original books. From the evidence offered on the trial of this cause, it is apparent that the actual cost of the tenant dwelling houses was equal to, if not more than, the amount set up by plaintiff as representing their actual cost, and I have accordingly allowed the plaintiff, for both invested capital and depreciation purposes, the value claimed by the plaintiff, and as conceded by the defendant for depreciation purposes only.

In keeping with the two prior decisions, supra, I have allowed the plaintiff to capitalize the actual cost to it of its mine slopes up to the beginning of the tax year here in question. In the findings of fact there is set out the cost of these slopes at the date they passed out of the development stage, for the convenience of any reviewing authority, should an appeal be taken from this decree, and such value is deemed relevant.

On the trial of the cause, plaintiff offered in evidence the findings of fact as made by this court in the Little Cahaba Coal Company Case against the United States, for the year 1917, and offered in addition thereto the books of record of the corporation and other evidence showing the changes made in the items here in question as a result of the additional costs incurred for the construction of the slopes during the period January 1, 1916, to December 31, 1916. The books of record disclose the fact that there were no additions or subtractions whatever made in the tenant dwelling house account, for that this account remained the same as it was December 31, 1916. In addition to this evidence, the plaintiff also offered in evidence all of its original books of entry, from the date of its organization through the year in question, and schedules in the nature of a digest taken therefrom, all of which evidence was re-examined by the court, and from a re-examination of all of the evidence in this case, the findings of fact set forth therein were made, irrespective of the findings of fact as made in the 1917 case.

In view of my conclusions set forth in the conclusions of law filed herewith, and as herein expressed, judgment may be entered for the plaintiff in the amount claimed in its amended complaint; and it is so ordered.