Booth, Chief Justice,
delivered the opinion of the court:
The plaintiff is a New York corporation engaged in supplying towage service. On April 22, 1926, the defendant -employed the plaintiff to tow the S.S. Eenowis from Staten Island Sound to the north end of Pier #2, U.S. Army Base, Brooklyn, N.Y. The plaintiff performed the towage service.
Again on March 2, 1927, the plaintiff was engaged by the •defendant to tow the U.S.S. Chateau Thierry from the dock of the Morse Dry Dock Company in Brooklyn, New York, to the south side of United States Army Pier #2, also in Brooklyn. The plaintiff performed the service.
December 17, 1928, the General Accounting Office notified the plaintiff that, by reason of a claim for damages occasioned the defendant in the towage of the vessels, the plaintiff was indebted to the United States, after the application •as a credit of funds due the plaintiff for other services, in the sum of $925.75. This- amount was reached by a claim of damage sustained as to the Kenowis of $953.00 and the ‘Chateau Thierry of $2,124.00, totalling $3,077.00, upon the liquidation of which the office credited $2,151.25 due plaintiff for other services not herein involved, and stated a balance 'due the United States.
This suit is for the recovery of a judgment for $1,801.25, The plaintiff having conceded a liability to the extent of *532 $350.00 for injury done to the bow of the Chateau Thierry, which is deducted from the sum of $2,151.25 withheld from plaintiff for other services and credited in liquidation of defendant’s claim for damages.
The facts in the case are set forth in detail in the findings. We need not discuss them. The defendant’s objections to the findings, and to which the briefs are addressed, concern findings VI and X, defendant insisting that the finding of the ultimate fact that the accident to the vessels was not due to any negligence in handling the same upon the part of the plaintiff is not supported by the evidence; but one finding of fact is objected to.
The Supreme Court in the case of Stevens v. The White City, 285 U.S. 195, 200-203, said:
“ The tug does not have exclusive control over the tow but only so far as is necessary to enable the tug and those in charge of her to fulfill the engagement. They do not have control such as belongs to common carriers and other bailees. They have no authority over the master or hands of the towed vessel beyond such as is required to govern the movement of the flotilla. In all other respects and for all other purposes the vessel in tow, its cargo and crew, remain under the authority of its master; and, in emergency the duty is upon him to determine what shall be done for the safety of his vessel and her cargo. In all such cases the right of decision belongs to the master of the tow and not to the master of the tug. A contract merely for towage does not require or contemplate such a delivery as is ordinarily deemed essential to bailment. [Citing cases.] The owner of the Drifter did not surrender to respondent any right of control that does not pass in virtue of a contract merely for towage. The fact that the man put aboard by the builder did not remain to the end, or that the owner did not choose to keep someone on the tow, is immaterial.
♦]» «J» •}» $
“ While respondent was not an insurer or liable as a common carrier it owed to the owner of the Drifter the duty to exercise such reasonable care and maritime skill as prudent navigators employ for the performance of similar service. The burden was upon petitioner to show that the loss *533 for which he sought recovery was caused by a breach of that duty. The mere fact that the Drifter was in good order when received by respondent and in damaged condition when delivered does not raise any presumption of fault. As said by this court in The L. P. Dayton, sufra (p. 351): 'To hold otherwise would require that in every case, as. between the tow and its tug, the latter, should be required affirmatively to establish its defense against the presumption of its negligence. * * * [p. 352.] Neither is it material that the facts of the case and the causes of the collision are peculiarly within the knowledge of the respondents. It is alleged in the present case, as one of the inconveniences of the libellant’s situation, that it would be compelled, in order to establish the allegations of the libel, to resort to the testimony of those navigating the respective tugs, and thus call witnesses interested to exonerate the vessel to which they were attached. We are not aware, however, of any ground on which such an inconvenience can affect the rule of law which governs the rights of the parties.’ See The Steamer Webb, supra; Transportation Line v. Hope, supra. The rule has been applied in numerous cases in the lower Federal courts. There is nothing about the injury itself to warrant any inference that it resulted from fault or negligence on the part of respondent.”
See also J. P. Donaldson case, 161 U.S. 603.
The rules, as well as decisions of the Supreme Court, exact of this court ultimate findings of fact; and in a case involving an issue like the present one the court is expressly obligated to make such findings. Par. 3 of Kule 38, Supreme Court. Ripley v. United States, 222 U.S. 144.
The court having gone into the record and analyzed the testimony of witnesses and evidence presented is of the opinion that the defendant, upon whom the burden rests, has not established that the plaintiff was negligent in the handling of the vessels towed, or failed to use that degree of nautical skill essential to prevent the accidents which occasioned the injuries, and therefore is entitled to a judgment of $1,801.25. It is so ordered.
Whaley, Judge; Williams, Judge; Littleton, Judge; and Gteeen, Judge, concur.