## FLOWERS v. UNITED STATES.
### No. 10686.

Circuit Court of Appeals, Eighth Circuit.
Nov. 5, 1936.

Clarence E. Walsh, of Omaha, Neb., for appellant.

Joseph T. Votava, U. S. Atty., and Ambrose C. Epperson, Asst. U. S. Atty., both of Omaha, Neb., Barlow Nye, Asst. U. S. Atty., of Lincoln, Neb., and Fred G. Hawxby, Asst. U. S. Atty., of Omaha, Neb., for the United States.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

GARDNER, Circuit Judge.

This is an appeal from an order denying appellant's motion for a new trial upon the ground of alleged newly discovered evidence. The parties will be referred to as they appeared below.

On April 27, 1935, defendant was indicted in an indictment of four counts charging him with the sale of narcotic drugs in violation of section 1043(a), title 26 U.S.C.A., it being charged that the offenses described in counts 3 and 4 were committed on November 14, 1934, and November 6, 1934, respectively. He went to trial on counts 3 and 4 of the indictment, counts 1 and 2 having been dismissed, was found guilty on each of said counts, and on November 9, 1935, was duly sentenced to the Federal Prison at Leavenworth, Kan., for a period of three years on each of said counts, the sentences to run concurrently. He thereafter perfected an appeal to this court. We affirmed the judgment and sentence of the lower court as to count 3 in an opinion filed April 8, 1936, but held the evidence insufficient to sustain a conviction under count 4, but as the sentences ran concurrently, we affirmed the judgment, and in due time mandate issued. Flowers v. United States (C.C.A.) 83 F.(2d) 78, 79.

While the appeal was pending in this court and still undetermined, defendant claims to have found a certain receipted bill for gasoline which he had had in his possession since November 15, 1934, and which he alleges called his attention to the fact that he was on a hunting trip November 14, 1934, with three friends living near his home in Omaha, which reminded him he was not in the city of Omaha until late in the evening of November 14, 1934, the date of the offense charged in the third count of the indictment. After mandate was filed in the lower court, he filed a motion for a new trial on the ground of this alleged newly discovered evidence, supporting his motion by affidavits to the effect that defendant did not return to the city of Omaha until about 8 or 8:30 o'clock p. m. November 14, 1934, whereas the evidence on which he was convicted tended to show that the offense was committed "sometime after six o'clock p. m., the exact time not appearing from the record." There was a countershowing which we put aside as unnecessary for consideration.

The lower court considered the motion on its merits, but overruled it because defendant had not shown due diligence to discover and produce the evidence at the time of the trial, because the alleged newly discovered evidence was merely cumulative, and because this additional evidence, if produced, would probably not change the result. Briefs of the respective parties have presented the matter on the merits in this court, no question being raised as to the jurisdiction or authority of the lower court to entertain the motion. But while the question is not raised by the government, the jurisdiction of the lower court to entertain this motion is clearly presented on the record and cannot be ignored. It will be noted that this court affirmed the judgment of the lower court. This affirmance in effect made the judgment of the lower court the judgment of this court. In these circumstances, the court was without jurisdiction to entertain the motion without leave granted by this court. Re Potts, 166 U.S. 263, 17 S.Ct. 520, 41 L.Ed. 994; Obear-Nester Glass Co. v. Hartford-Empire Co. (C.C.A.8) 61 F.(2d) 31; Hagerott v. Adams (C.C.A.8) 61 F.(2d) 35.

It is the duty of the lower court, upon remand of a case by this court, to obey the mandate and render judgment in conformity thereto. It has no authority to entertain a motion for new trial nor to enter

any judgment or order not in conformity with the mandate, nor any judgment other than that directed or permitted by this court. If this were not the rule, litigation would never be finally ended. Hence, when the merits of the case are determined on appeal, the trial court has no power but to obey the judgment of the appellate court. Ripley v. United States, 222 U.S. 144, 32 S.Ct. 60, 56 L.Ed. 131; St. Louis, K. C. & C. R. Co. v. Wabash R. Co., 217 U.S. 247, 30 S.Ct. 510, 54 L.Ed. 752; Ex parte Dubuque & Pacific Railroad, 1 Wall. 69, 17 L.Ed. 514; Gaines v. Rugg, 148 U.S. 228, 13 S.Ct. 611, 37 L.Ed. 432; United States v. Howe (C.C.A.2) 280 F. 815, 23 A.L.R. 531.

■ Again, it appears that the term at which the judgment was rendered had expired, and the lower court lost all control and jurisdiction with the expiration of the judgment term. United States v. Mayer, 235 U.S. 55, 35 S.Ct. 16, 19, 59 L.Ed. 129; Harley v. United States (C.C.A.4) 269 F. 384; Mann v. Dempster (C.C.A.2) 181 F. 76; Woods Bros. Constr. Co. v. Yankton County (C.C.A.8) 54 F.(2d) 304; Board of County Commissioners v. Morely (C.C.A. 8) 6 F.(2d) 553.

In United States v. Mayer, supra, in considering the jurisdiction of the federal District Court to set aside or modify its final judgments after the term, it is, among other things, said: "In view of the statutory and limited jurisdiction of the Federal district courts, and of the specific provisions for the review of their judgments on writ of error, there would appear to be no basis for the conclusion that, after the term, these courts in common-law actions, whether civil or criminal, can set aside or modify their final judgments for errors of law. * * * In cases of prejudicial misconduct in the course of the trial, the misbehavior or partiality of jurors, and newly discovered evidence, as well as where it is sought to have the court in which the case was tried reconsider its rulings, the remedy is by a motion for a new trial (Judicial Code, § 269 [28 U.S.C.A. § 391])—an application which is addressed to the sound discretion of the trial court, and, in accordance with the established principles which have been repeatedly set forth in the decisions of this court above cited, cannot be entertained, in the absence of a different statutory rule, after the expiration of the term at which the judgment was entered."

■ But quite aside from these considerations, we are satisfied from the record before us that the lower court was without jurisdiction to entertain the motion for a new trial on the ground of newly discovered evidence on its merits.

The Supreme Court rules which became effective September 1, 1934, regulating the procedure on appeal of criminal cases, and which have the force and effect of law (title 28, U.S.C.A. § 723a), specifically provide when motions for a new trial upon the ground of newly discovered evidence may be made. Subdivision (3) of rule 2 provides as follows: "(3) A motion for a new trial solely upon the ground of newly-discovered evidence may be made within sixty (60) days after final judgment, without regard to the expiration of the term at which judgment was rendered, unless an appeal has been taken and in that event the trial court may entertain the motion only on remand of the case by the appellate court for that purpose, and such remand may be made at any time before final judgment."

These rules govern the procedure in this case, and it is to be observed that the case was not remanded to the lower court by this court for the purpose of permitting the defendant to make a motion for a new trial, and no application for such remand was made in this court; but, instead, final judgment was entered.

■ On the merits of the motion, the decision of the lower court was doubtless correct. But the court being without jurisdiction to entertain the motion upon its merits, the order appealed from was a nullity, and the appeal is therefore dismissed.