STATE *vs.* SAMUEL LUBOSKY.

JANUARY 14, 1938.

PRESENT: Flynn, C. J., Moss, Baker and Condon, JJ.

BAKER, J. This is a criminal complaint. After a trial in the superior court a verdict of guilty of the offense as charged was returned by the jury. The defendant duly filed a motion for a new trial and on May 2, 1936, the trial justice heard and denied this motion. Thereafter, on May 8, 1936, the defendant filed a motion that the above decision of the trial justice be vacated and that the case be set down for hearing, on the motion for a new trial, to a day certain. This motion was granted by the trial justice over the state's objection, and the decision denying defendant's motion for a new trial was ordered vacated, and such motion was set down for hearing on a definite date. On May 28, 1936, when this motion came before the court, the state moved that the trial

justice vacate the said order entered by him May 8, 1936, on defendant's motion. After hearing and consideration, the trial justice granted the state's motion and vacated the above order made by him May 8, 1936. To this ruling, the defendant has prosecuted his bill of exceptions to this court.

The question raised by the defendant's exception is whether or not the trial justice had jurisdiction to enter his order on May 8, 1936 and set down the defendant's motion for a new trial for rehearing, after he had heard and decided such motion on May 2, 1936.

The defendant urges that a court of record, such as the superior court, has general control over its judgments, orders and decrees, so as to amend and change them at any time during the same term of the court in which they were rendered and made, and that passing upon motions for new trials falls within this rule. Undoubtedly such a principle of law is recognized in many jurisdictions. 15 R. C. L. 677; 20 R. C. L. 312; Amer. & Eng. Ann. Cas. 1913 B, 485. However, in others, as here, such a rule is not accepted or followed. By general laws 1923, chapter 344, sec. 2, it is provided in substance that in case of a judgment by default or one entered by mistake, or in case of decrees in equity and in causes following the course of equity, the court entering the same shall have control over the same for the period of six months after the entry thereof. It is clear that this statute has no application in the present case. If the trial justice's decision on the defendant's motion for a new trial can in any way be considered as a judgment, which is extremely doubtful, no claim is made by the defendant that it was entered by mistake or by reason of any default.

This court has heretofore had occasion to lay down the rule of law which governs and limits the jurisdiction of a trial justice in this state in situations generally similar to the one now before us on the record in the present case. *Ashaway National Bank* v. *Superior Court*, 28 R. I. 355; *Whitford, Bartlett & Co.* v. *Townsend*, 32 R. I. 392; *David* v. *David*,

47 R. I. 122. In the first of the above cases, a probate appeal heard by the court without a jury, the trial justice entered a decision for the appellant on November 19, 1906. Thereafter, on February 12, 1907, the trial justice vacated the decision made by him in November, and entered a similar decision as of the date last mentioned. This court at page 359 held: "We find no statutory authority for the position that cases may be held for advisement after decision therein has been recorded, or that cases may be redecided from time to time at the option of the court. One of the effects of such a practice would be to extend the time for filing and prosecuting exceptions. To permit this to be done would be to nullify the statutes relating to exceptions and the procedure thereunder. Such a result is not to be tolerated. Nothing that has been stated is intended to affect the right of the court to amend its record at any time to conform to the truth."

*Whitford, Bartlett & Co.* v. *Townsend, supra,* was also an appeal from a decree of a probate court heard without a jury. In that case the trial justice on April 30, 1910, filed a rescript containing his decision. On May 2, 1910, he recalled this rescript and on May 5, 1910 filed another rescript reversing his former decision. This court confirmed its earlier holding in *Ashaway National Bank* v. *Superior Court, supra.* It may be noted that in *Whitford, Bartlett & Co.* v. *Townsend, supra,* the trial justice acted within the time allowed by law for filing a notice of intention to prosecute a bill of exceptions, as did the trial justice herein.

In our opinion, the decisions in the cases above cited are determinative of the issue in the case at bar. They establish that in the absence of statutory authority, which has not been shown, a trial justice in this state has no jurisdiction to vacate a decision under such circumstances as appear from the present record. In our judgment, the same general principles which led this court to hold that the decision of a

trial justice in an action of law heard by him without a jury becomes final, as far as he is concerned, apply equally to a decision by a trial justice on a motion for a new trial, following a verdict by a jury. See *Timony* v. *Casey*, 20 R. I. 257, decided prior to the passage of the court and practice act of 1905.

We find, therefore, that the trial justice in the instant case ruled correctly when he granted the state's motion and vacated his previous order of May 8, 1936, by which he had vacated his decision denying the defendant's motion for a new trial, and put such motion down for rehearing, and that the defendant takes nothing by his exception to such ruling.

The case of *State* v. *Lynch*, 28 R. I. 463, cited by the defendant, has no application in the present proceeding. That case deals with a remedial statute open to a defendant, under certain conditions, by virtue of the provisions of another section of the statutes. G. L. 1923, chap. 347, sec. 3.

The defendant's exception is overruled, and the case is remitted to the superior court for further proceedings.

*John P. Hartigan,* Attorney General, *Michael DeCiantis,* 3rd Asst. Atty. Gen., for State.

*James O. McManus, Raoul Archambault,* for defendant.