## UNITED STATES v. SMITH, District Judge.

### No. 9155.

Circuit Court of Appeals, Third Circuit.
Argued May 23, 1946.

Reargued June 28, 1946.

Decided July 16, 1946.

Writ of Certiorari Granted Oct. 28, 1946.

See 67 S.Ct. 125.

BIGGS and McLAUGHLIN, Circuit Judges, dissenting.

Spurgeon Avakian, of Washington, D. C. (Sewall Key, Acting Asst. Atty. Gen., Harry K. Mansfield, Sp. Asst. to Atty. Gen., and Frederick V. Follmer, U. S. Atty., of Scranton, Pa., on the brief), for petitioner.

Robert T. McCracken, of Philadelphia, Pa. (Stanley F. Coar, of Scranton, Pa., and C. Russell Phillips, of Philadelphia, Pa., on the brief), for John Memolo.

Before BIGGS, MARIS, GOODRICH, McLAUGHLIN, and O'CONNELL, Circuit Judges.

MARIS, Circuit Judge.

The petitioner, the United States of America, prays that a writ of mandamus issue directed to the United States District Court for the Middle District of Pennsylvania, the judges of that court and the Honorable William F. Smith, a district judge specially assigned to that court, commanding them to revoke and set aside an order made by Judge Smith on April 8, 1946, wherein he ordered that a judgment theretofore entered in the case of United States v. John Memolo, Criminal Docket No. 11319, March Term 1945, be vacated and the verdict set aside, and that a new trial be granted the defendant; commanding them to reinstate the judgment entered in said case, which judgment was affirmed on January 22, 1946, by this court (152 F.2d 759); and commanding them to proceed with the execution of the judgment and sentence as required by the mandate of this court. The petitioner also prays for the issuance of a writ of prohibition prohibiting them from proceeding further in the case of United States v. Memolo and from exercising jurisdiction under the order of Judge Smith entered April 8, 1946, except as necessary to carry out the mandate of this court.

The following facts are relied upon in support of the petition. On May 23, 1945, a trial jury returned a verdict of guilty against John Memolo upon an indictment for wilfully attempting to evade and defeat his federal income taxes. On May 26, 1945, Memolo filed a motion for a new trial. The motion for a new trial was denied; judgment was entered and sentence imposed on June 19, 1945 by the Honorable William F. Smith, the trial judge. An appeal to this court followed. On January 22, 1946, the judgment of conviction was affirmed by this court.[1] On April 4, 1946, this court issued its mandate to the district court affirming the judgment of the district court.

The defendant was taken into custody and on April 8, 1946 was transferred to the Federal Penitentiary at Lewisburg, Pennsylvania. On April 9, 1946, the clerk of the district court received an order from Judge Smith, dated April 8, 1946, in which it was stated that the court having reconsidered the grounds urged in support of the motion it appeared that in the interest of justice a new trial should be granted the defendant. The order directed that the judgment be vacated, the verdict be set aside and a new trial be granted. The warden thereupon relinquished custody of Memolo to the district court which released him on bail. Thereafter the United States petitioned for writs of mandamus and prohibition, Judge Smith filed an answer on his own behalf and on behalf of the District Court for the Middle District of Pennsylvania and the defendant, Memolo, intervened as an interested party.

Before considering the merits of the petition we notice the intervenor's contention that this court has no power to issue the writs requested. The contention cannot be sustained, however. Section 262 of the Judicial Code, 28 U.S.C.A. § 377, provides that:

" * * * The Supreme Court, the circuit courts of appeals, and the district courts

---

[1] United States v. Memolo, 3 Cir., 1946, 152 F.2d 759, certiorari denied 66 S.Ct. 902.

shall have power to issue all writs not specifically provided for by statute, which may be necessary for the exercise of their respective jurisdictions, and agreeable to the usages and principles of law."

■ The petition sets out facts which the petitioner contends prove conclusively that the district court failed to carry out the mandate of this court. If this be so Section 262 gives us power to issue the writs in aid of our appellate jurisdiction.[2] The intervenor urges that the facts show that the district court acted in conformity with our mandate. But this is merely to contend that the petitioner has not made out a case which would justify our issuing the writs. It is well established that a petition for a writ of mandamus is an appropriate method of raising the issue whether the trial court failed to comply with the appellate court's mandate.[3]

■ We may, therefore, turn to the primary question for our determination which is whether under the circumstances of this case the trial judge had the power to reconsider his denial of Memolo's motion for a new trial and thereupon to grant the motion. We are not concerned with the question as to the time within which Memolo could have filed his motion for a new trial since he did in fact file that motion within three days after the jury returned its verdict. In this connection it will be noted that all the time limitations which are contained in Criminal Procedure Rule 33,[4] the rule which deals with the granting of new trials and motions therefor, relate solely to the time within which motions made be made. The rule does not impose any time limitation upon the power of the trial judge to grant a new trial upon consideration of a timely motion. The broad provision of the rule as to the judge's power is simply that "The court may grant a new trial to a defendant if required in the interest of justice."

Neither the federal statutes[5] nor rules which deal with the granting of new trials cast any light upon the power of the trial judge to reconsider his action in denying or granting a motion for a new trial. In the absence of statutory authority we have examined the decided cases and find that the weight of authority is in favor of such power, provided it is exercised within the term.[6] So in Fine v. Commonwealth, 1942, 312 Mass. 252, 44 N.E.2d 659, 663, 145 A.L.R. 392, in which the power was sustained, the court said:

"The granting of a motion for a new trial is a matter of sound judicial discretion. But there seems to be no good reason for holding that the power of a judge of the Superior Court with respect to a motion for a new trial in a criminal case is ended when he grants or denies it. If it should be said that once having denied the motion, he could not vacate his order and grant the motion for sufficient cause, it seems apparent that the administration of justice might be impeded, if it did not, in truth, fail."

In State v. Luft, 1919, 104 Kan. 353, 179 P. 553, 555, the state supreme court sustained an order of the trial court setting

---

[2] United States v. Mayer, 1914, 235 U. S. 55, 35 S.Ct. 16, 59 L.Ed. 129.

[3] In re Washington & Georgetown R. Co., 1891, 140 U.S. 91, 11 S.Ct. 673, 35 L.Ed. 339; Delaware, L. & W. R. Co., v. Rellstab, 1928, 276 U.S. 1, 48 S.Ct. 203, 72 L.Ed. 439.

[4] "Rule 33. New Trial. The court may grant a new trial to a defendant if required in the interest of justice. If trial was by the court without a jury the court may vacate the judgment if entered, take additional testimony and direct the entry of a new judgment. A motion for a new trial based on the ground of newly discovered evidence may be made only before or within two years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within 5 days after verdict or finding of guilty or within such further time as the court may fix during the 5-day period."

[5] Section 269 of the Judicial Code, 28 U.S.C.A. § 391; R.S. § 953, 28 U.S.C.A. § 776.

[6] The significance of the expiration of the term in this connection has been eliminated in federal criminal procedure by Criminal Procedure Rule 45(c) which provides, inter alia, that "The expiration of a term of court in no way affects the power of a court to do any act in a criminal proceeding."

aside its previous order for a new trial and said:

"The plenary power of the court during the term over its orders and judgments is too well established to need buttressing by authority. The quality of finalty is always conditioned by the possible exercise of this power, and the court may freely return to the proceedings, and correct, revise, amend, or annul them."

Among the cases upholding the power of the trial court in a criminal case to reconsider its ruling upon a motion for a new trial are: Com. v. Miller, 1838, 6 Dana, Ky., 315; Gonzales v. State, 1897, 38 Tex. Cr.R. 62, 41 S.W. 605; Johnson v. State, 1908, 1 Okl.Cr. 321, 97 P. 1059, 18 Ann.Cas. 300; People v. Cimino, 1941, 163 App.Div. 217, 147 N.Y.S. 1079; Hefton v. State, 1934, 206 Ind. 663, 190 N.E. 847; Dimmel v. State, 1935, 128 Neb. 191, 258 N.W. 271; and People v. Beath, 1936, 277 Mich. 473, 269 N.W. 238. Contra: State v. Duncan, 1918, 101 Wash. 542, 172 P. 915; People v. Paysen, 1932, 123 Cal.App. 396, 11 P.2d 431; and State v. Lubosky, 1938, 59 R.I. 493, 196 A. 395.

■ We are in accord with the view that a trial judge, to whose discretion is entrusted the duty of determining whether a new trial should be granted, should be free to change his ruling if upon further and more mature deliberation he concludes that justice so requires. Certainly the administration of the criminal law is not directed toward the retention of a conviction at the cost of a miscarriage of justice. When in the deliberate and mature opinion of the judge who presided at the trial of the case the proceedings at the trial or the atmosphere which surrounded it were such as to require correction, it is a shocking suggestion that such correction becomes impossible because the judge's first reaction was different.

The petitioner calls attention to the fact that the Rules of Criminal Procedure do not contain any provision such as Rule 59(d) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which expressly provides that a court of its own initiative may order a new trial within ten days after judgment for any reason for which it might have granted a new trial on motion of a party. It seeks to draw an inference therefrom that the Rules of Criminal Procedure were not meant to confer upon the court such power in criminal cases. This may well be. We are, however, not called upon in this case to consider that question since, as we have seen, Memolo did file a motion for a new trial and the trial judge acted not upon his own initiative but upon a reconsideration of this motion.

■ The petitioner contends that the trial judge lost his authority to grant a new trial (except on the ground of newly discovered evidence) as soon as an appeal had been taken. It is of course true that when the record has been removed to the appellate court there is nothing before the trial judge upon which he can act. In this case, however, the trial judge took no action while the matter was pending upon appeal. It was not until our mandate went down to the district court that the trial judge made his order.

There remains for consideration the petitioner's final contention that the action of the trial judge is inconsistent with and prohibited by the mandate of this court. As we have seen, that mandate ordered and adjudged that the judgment of the district court be affirmed. An examination of the record filed upon Memolo's appeal to this court discloses that he urged as grounds for the reversal of the judgment the same errors which he urged in support of his motion for a new trial. Therefore, says the petitioner, when this court found no reversible error those issues had been decided adversely to the defendant and could not be reconsidered by the district court. For, the petitioner argues, if the trial judge is at liberty to set aside the decision of the appellate court by granting a new trial on issues already litigated, the trial judge is exercising appellate power.

We think the petitioner misconceives what was before us upon the appeal and what was adjudicated by us in our judgment affirming the judgment of the district court. We there examined the errors assigned and concluded that none required reversal. Among them were the following two assignments of error:

"56. The Court below abused its discretion in refusing to grant a new trial generally."

"57. The Court below abused its discretion in refusing to grant a new trial for the reason that right and justice require that defendant be granted a new trial on account of the many errors committed by the Trial Judge as above indicated in these assignments and also because of the very prejudicial manner in which the Trial Judge interfered with the examination and cross examination of witnesses and ridiculed and belittled counsel for the defendant and otherwise prejudicially affected defendant's case with the jury."

 Ordinarily the granting or refusal of a new trial rests in the discretion of the trial judge.[7] The function of an appellate court upon an appeal from a denial of a motion for a new trial is restricted to the inquiry whether the trial judge abused his discretion[8] or failed to exercise it.[9] Thus upon Memolo's appeal we were not called upon to determine whether the trial judge properly exercised his discretion in denying a new trial or whether we would have thought it in the interest of justice to have granted a new trial upon the facts known to the trial judge. Obviously we could not have had that knowledge of the course of the trial and the manner in which it was conducted which the trial judge did have. We therefore were only called upon to decide whether or not the trial judge went beyond the bounds of his discretion in denying the motion for a new trial. It follows that our judgment of affirmance did not determine that the trial judge could not, in the exercise of his discretion, have properly granted the motion for a new trial.

We conclude that the petition for writs of mandamus and prohibition must be denied.

BIGGS, Circuit Judge (dissenting).

The majority's interpretation of Rule 33 of the Rules of Criminal Procedure would authorize the district court to grant a new trial to a convicted defendant at any time. The majority's view is so broad that even if, as here, a motion for a new trial had been first denied by the trial court, the judgment of conviction affirmed by this court, certiorari denied by the Supreme Court, and execution of judgment of sentence commenced, a new trial may none the less be granted in the discretion of the trial court.

I do not think that the rule goes so far. Conceding as is necessary that its first sentence[1] gives the trial court very broad powers not heretofore conferred upon it,[2, 3] the critical point is that when Judge Smith denied Memolo's motion for a new trial and this court, after careful consideration of the identical grounds urged before the trial judge, affirmed the judgment of conviction, the motion was no longer pending and might not be reconsidered and granted by the trial court upon remand. It has been long settled that a lower court must obey the mandate of the superior tribunal and render judgment in conformity therewith. See Sprague v. Ticonic Nat. Bank, 307 U.S. 161, 168, 59 S.Ct. 777, 780, 83 L.Ed. 1184, wherein Mr. Justice Frankfurter stated, "The general proposition which moved [the District Court]—that it was bound to carry the mandate of the upper court into execution and could not consider the questions which the mandate laid at rest—is indisput-

---

[7] United States v. Socony Vacuum Oil Co., 1940, 310 U.S. 150, 247, 60 S.Ct. 811, 84 L.Ed. 1129; United States v. Mayer, 1914, 235 U.S. 55, 35 S.Ct. 16, 59 L.Ed. 129; Allred v. United States, 9 Cir., 1944, 146 F.2d 193.

[8] Holmgren v. United States, 1910, 217 U.S. 509, 521, 30 S.Ct. 588, 54 L.Ed. 861, 19 Ann.Cas. 778; Evans v. United States, 10 Cir., 1941, 122 F.2d 461; Crenshaw v. United States, 6 Cir., 1940, 116 F.2d 737; McAteer v. United States, 5 Cir., 1945, 148 F.2d 992; Bratcher v. United States, 4 Cir., 1945, 149 F.2d 742.

[9] Mattox v. United States, 1892, 146 U.S. 140, 13 S.Ct. 50, 36 L.Ed. 917.

[1] As follows: "The court may grant a new trial to the defendant if required in the interest of justice."

[2] See Rule II of the "Rules of Practice and Procedure, after plea of guilty * *." 18 U.S.C.A. following section 688, 292 U.S. 662, 54 S.Ct. xxxvii.

[3] Cf. The Notes to Rule 33, New York University School of Law, Institute Proceedings, Volume VI, p. 55, which state, inter alia, "[The Rule] substantially continues existing practice."

able." See also the opinion of Mr. Chief Justice Groner in Mays v. Burgess, 80 U.S. App.D.C. 236, 152 F.2d 123, at page 124, and the numerous authorities cited. True, the decisions cited in this opinion were rendered in civil cases but the principle enunciated in them is clearly applicable by way of analogy to a criminal proceeding.[4] The grounds which constituted the basis for the motion for a new trial in the District Court were within the scope of our mandate and were controlled by it. The result was that upon affirmance of the judgment of conviction, Memolo's motion was no longer pending. It was spent, and could not thereafter be acted on validly by the trial court.[5]

The result of the majority's interpretation of Rule 33 is attended by unusual consequences. Memolo did not move for reconsideration of his motion for a new trial. Judge Smith undertook the reconsideration sua sponte on the remand of the cause to the lower court. Memolo was tried, found guilty and was sentenced to 18 months imprisonment by a court having jurisdiction of his person and of the offense charged in the indictment. The indictment was sufficient and the evidence offered by the United States was ample to sustain a conviction. Memolo had a fair trial. The judgment of sentence had been carried into execution and Memolo had served about three days of his sentence when the order granting a new trial was filed, thus releasing him from the penitentiary. Under the circumstances there is little doubt but that Memolo might plead and prove former jeopardy if an attempt is made to try him a second time.

I conclude that Rule 33 was intended to allow a district court of the United States very wide discretion in granting a new trial perhaps at any point in time.[6] But the power thus conferred is cut off when the grounds on which a motion for a new trial was based have been passed upon by an appellate tribunal, the scope of the mandate of the appellate court covering the precise grounds offered by the defendant in support of the motion for a new trial in the lower court. The decision of the appellate court must be in favor of a new trial or against a new trial. In either event the decision of the appellate court must be deemed to be final and to settle the law of the case. Otherwise there can be no certain end to criminal litigation.

For these reasons I must dissent from the majority view. I am of the opinion that the writs of prohibition and mandamus should issue as prayed for.

I am authorized to state that Judge Mc-LAUGHLIN concurs in the views expressed in this opinion.

---

[4] No pertinent decision in a criminal case has been cited to us and I can find none. Flowers v. United States, 8 Cir., 86 F.2d 79, cited by the United States, is not apposite. In the cited case the motion for a new trial was made outside the sixty day period provided by Rule II and the term rule was also in effect. Cf. Rule 45(c) of the present rules.

[5] I do not take the position if Memolo's appeal had asserted as a basis for the reversal of the judgment of conviction other grounds than those on which his motion for a new trial was based, that the court below could not have reconsidered his motion for a new trial and have granted it. Under such circumstances the numerous authorities beginning with Com. v. Miller, 6 Dana, Ky., 315, and ending with State v. Lubosky, 59 R.I. 493, 196 A. 395, cited in the majority opinion, would be pertinent at least by analogy. In those cases courts reversed their positions upon reconsideration of motions before appeals were taken to appellate tribunals.

[6] It might be argued very plausibly by virtue of the first sentence of Rule 33, no appeal being taken, a trial judge might reconsider a motion for a new trial filed by a convicted defendant and grant it after the defendant had served, let us say, three years of a five year sentence. Under such circumstances it might be necessary to hold that the source of the motion was spent after the lapse of a reasonable time. Such a question, however, is not before us in the case at bar.