**UNITED STATES of America**

**v.**

**Henry I. JACOBSON.**

**Cr. A. No. 21369.**

United States District Court
E. D. Pennsylvania.

Dec. 18, 1964.

Drew J. T. O'Keefe and Thomas F. Gilson, Philadelphia, Pa., for plaintiff.

Charles R. Weiner and David E. Abrahamsen, Philadelphia, Pa., for defendant.

BODY, District Judge.

The defendant, Henry I. Jacobson, was tried on December 10, through December 17, 1963 on a fifteen count indictment charging that he caused false statements to be submitted to the Veterans' Administration in violation of Title 18, United States Code, Section 1001.

The submission of false information was found, namely, among the following documents submitted to the Veterans' Administration: Employer's Verification Forms, Applications for Home Loan Guaranty or Insurance, Certification of Loan Disbursement, and Settlement Sheets. The fifteen count indictment encompassed the sale of four separate properties, and the Court, sitting as both judge and jury, found the defendant guilty on each of the counts.

Title 18, United States Code, § 1001, states:

"Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent state-

ments or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be * * *."

Counsel for the defendant has submitted an expertly prepared brief wherein each count of the indictment is carefully analyzed and discussed in great detail, raising in substance issues pertaining to the materiality of the counts, the lack of evidence, the sufficiency of the evidence, and the credibility of the witnesses as to supporting the verdict rendered by this Court.

The ensuing discussion will not be directed to each and every count of the indictment, but will relate generally to defendant's basic contentions.

As to the contention that materiality was lacking in the Government's case, the criteria applicable to materiality was defined by my Brother, Judge Kraft in United States v. Quirk, 167 F.Supp. 462, 464; affirmed 266 F.2d 26 (3rd Cir. 1959):

"* * * we believe that the conduct Congress intended to prevent by § 1001 was the willful submission to federal agencies of false statements calculated to induce agency reliance or action, irrespective of whether actual favorable agency action was, for other reasons, impossible. We think the test is the intrinsic capabilities of the false statement itself, rather than the possibility of the actual attainment of its end as measured by collateral circumstances. * * *"

■ Even a cursory examination of the false documents submitted to the Veterans' Administration, read in light of the testimony of the Government's witnesses, reveals immediately that the counts do not lack materiality. The Administration was entitled to have true and exact information submitted to it as to each of the appliicant's qualifications in reference to the amount of money he earned, the amount of his assets, the amount of the down payment made, and all other pertinent information required by the documents.

■ The evidence produced by the Government was not only adequate but was more than sufficient to support the verdict of guilty on all of the counts. Documents were introduced into evidence representing the false statements and those documents were further verified by the witnesses for the Government. The majority of these witnesses were negroes, some having criminal records, with less than eight years of formal education, and were people of very meager means. Their testimony was trustworthy and their demeanor exemplified a keen sense of responsibility which resulted in a comprehensive account of the transactions involving them. A verbatim reading of their testimonies reveals a candor and sincerity which was both educational and enlightening to this Court in view of their unfortunate heritage. They were carefully cross-examined, and the credibility of their pertinent testimony was not impeached.

■ It is elementary that the credibility of the witnesses is for the trier of the fact. The Court carefully considered the past record of the defendant, which was free from any criminal implication, and also the testimony of the numerous outstanding witnesses produced by the defendant to testify to his prior good reputation. However, after a studious detailed review of the entire case, the Court is satisfied that the defendant's guilt was proven beyond a reasonable doubt.

■ The granting or refusing of a new trial rests in the discretion of the trial judge, especially when the judge also sits as the trier of the facts. United States v. Smith, 156 F.2d 642 (3rd Cir. 1946). There is no doubt that the only person who was to receive any benefit from these transactions was the defendant. From the facts it is most obvious that the prospective purchasers would not be able to maintain their mortgage payments, and the end results would be foreclosure proceedings on the respective properties.

As stated before, this Court will not review each count of the indictment for it is not deemed necessary. The Court is well satisfied that the defendant's guilt has been proven beyond a reasonable doubt on all counts of the indictment, and can find no reasons for the granting of a new trial.