PAQUIN v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. May 17, 1918.)

No. 5008.

1. CRIMINAL LAW ☞722½—TRIAL—ARGUMENT.
    In a prosecution under Harrison Drug Act Dec. 17, 1914 (Comp. St. 1916, §§ 6287g–6287q), the indictment not charging defendant's attempt to bribe an officer, and there being no evidence thereof, or as to defendant's character, except on defendant's cross-examination, it was improper for the prosecuting attorney in argument to comment on the fact that defendant, long after the offense was committed, had offered money to an officer if the latter would defer the arrest.

2. CRIMINAL LAW ☞369(1)—EVIDENCE—OTHER OFFENSES.
    In a prosecution under Harrison Drug Act Dec. 17, 1914 (Comp. St. 1916, §§ 6287g–6287q), the question whether defendant, months after the alleged commission of the offense, had attempted to bribe an officer to defer his arrest had no tendency to prove or disprove the offense charged.

3. WITNESSES ☞277(4)—CROSS-EXAMINATION—SCOPE.
    In a prosecution under Harrison Drug Act Dec. 17, 1914 (Comp. St. 1916, §§ 6287g–6287q), wherein defendant had not testified in his examination in chief as to his alleged offer to bribe an officer to delay his arrest, questions relative thereto were not proper cross-examination.

In Error to the District Court of the United States for the Eastern District of Missouri.

Ozias Paquin was convicted of a violation of the Harrison Drug Act, and he brings error. Reversed and remanded.

Charles P. Williams, of St. Louis, Mo. (L. L. Leonard, of St. Louis, Mo., on the brief), for plaintiff in error.

Vance J. Higgs, Asst. U. S. Atty., of St. Louis, Mo. (Arthur L. Oliver, U. S. Atty., of St. Louis, Mo., on the brief), for the United States.

Before SANBORN, CARLAND, and STONE, Circuit Judges.

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

SANBORN, Circuit Judge. The defendant below, Dr. Paquin, was indicted, tried, and convicted of violations of the Harrison Drug Act of December 17, 1914 (38 Stat. 785, 789, c. 1 [Comp. St. 1916, §§ 6287g–6287q]). The doctor was a practicing physician who had duly registered and paid for his license in St. Louis under the act to do business in the Victoria Building in that city. He was charged in the first count of the indictment with dispensing morphine sulphate on November 17, 1915, to one Arthur Reese at rooms 311, 311a, in the Benoist Building where he also had an office in St..Louis without having registered and bought a second license to do business in those rooms. In the second count he was charged with dispensing morphine sulphate to William Long on November 17, 1915, when he was not in personal attendance upon Long, without keeping a record of the amount of the drug he so dispensed, or the name or address of the person to whom he dispensed it.

Thirty-five alleged errors are assigned. One of them is that after the plaintiff had rested its case, and the examination of the defendant in his own behalf was closed, the court permitted the United States to prove by him on his cross-examination, over the objection of his counsel, that when in June, 1917, Dr. Digges, an officer of the United States, stated to him that he was about to report him, and did not know whether or not he should arrest him for an offense alleged to have been committed many months after November 19, 1915, when those on trial were charged to have been committed, the defendant told him that his daughter was in bed, about to be confined, that he expected a call any minute, asked him to defer the report and arrest and offered him $50 if he would defer them two days, and over the exception of the defendant the court permitted that portion of the argument of the attorney for the government to go to the jury, which was expressed in these words:

"I am saying now, gentlemen of the jury, that if Dr. Paquin is the man Mr. Williams says he is, an honorable, upright man in his profession, the moment that he was accosted by Dr. Digges he would not have reached down in his pocket and produced $50 and offered that to him not to do his duty; honest, upright, straight professional men do not do that kind of thing and you know it."

[1-3] This testimony was not relevant or material to any issue in this case. The defendant had not offered or introduced any evidence relative to his character. He had not been charged with any attempt to bribe an officer, or any other person; no evidence relative to that matter had been offered or introduced in the plaintiff's case, the defendant had no notice of or opportunity to defend against such a charge, nor did the question whether or not he had done so months after the offenses specified in the indictment were charged to have been committed have any tendency whatever to prove or disprove the violations of the act of Congress with which he was charged in this case. The defendant had not testified in his examination in chief in any way about this alleged offer to bribe, and the questions relative thereto propounded by the attorney for the United States were not proper cross-examination. The receipt of this evidence and the argument upon it were clearly injurious to the defendant, and a fatal error,

which compels a reversal of the judgment, and renders the discussion and decision of other alleged errors immaterial.

Let the judgment below be reversed, and let the cause be remanded to the trial court for further proceedings.