Irwih D. Davids ox, J.
The defendant moves to suppress evidence (a pistol) which he claims was obtained in violation of his constitutional rights. The indictment charges that on January 21, 1963 the defendant criminally carried concealed a loaded pistol and criminally possessed a pistol. It appears from the *557 defendant’s affidavit that he was involved in an automobile accident on the Harlem River Drive which caused him to sustain serious injury and which rendered him unconscious. In that condition, he was removed from the scene to the emergency ward of Mother Cabrini Hospital where he was disrobed. During the disrobing, the gun which is subject of the motion to suppress, was discovered. The defendant contends that by reason of his unconscious condition he was unable to consent to a search; that the search made of his clothes was illegal, and that the gun, which was discovered as a result of what he claims was an illegal search, should be suppressed. The Fourth Amendment to the United States Constitution and the New York State Constitution protect against unreasonable governmental intrusion into the privacy of persons and homes (People v. Loria, 10 N Y 2d 368). A search by governmental authorities is legal if conducted by consent (Carroll v. United States, 267 U. S. 132). A consent to search by governmental authorities may be implied from circumstances of the case. Thus a police officer is deemed to consent to an inspection of items of equipment by his superior officer (People v. Russell, 33 Misc 2d 851). Similarly subjecting a draftee reporting for induction to physical examination to determine whether he had taken drugs to cause his rejection from service was held not to be an unlawful invasion of his person (Bratcher v. United States, 149 F. 2d 742, cert. den. 325 U. S. 885). Taking a blood sample without consent for the purpose of determining the degree of intoxication was held not an unreasonable search and seizure where the extraction was made in a medically approved manner and is incident to a lawful arrest of one who is reasonably believed to have violated the vehicle code (People v. Duroncelay, 48 Cal. 2d 766). In the instant case, it is obvious that there was no governmental intrusion into the defendant’s privacy. He was brought to the hospital in an unconscious state; and in order to know how to diagnose his condition and to treat him, the defendant necessarily was disrobed. During this routine process the gun was discovered. In short, it is apparent that a hospital employee was doing a legal act during the course of which the gun was discovered. Under all the circumstances it is clear that the defendant must be deemed to have consented to the act of the hospital employee. Defendant’s motion to suppress the evidence is denied.