Thomas Dickens, J.
Defendant moves to suppress certain evidence on the ground that it is the fruit of an illegal search.
The salient facts are these:
A police officer had a warrant which had been issued by a court of New York County for the arrest of defendant. He went to premises 2405 Marion Avenue, Bronx County, apartment 4-E, in order to execute the warrant and to take defendant into custody. Upon learning of the officer’s identity when the officer arrived there, defendant hurriedly left the apartment by bolting through a window. However, when she landed in the alley-way at the end of her descent, she was taken into custody by a policeman stationed there. At her request then for permission to return to her apartment for the purpose of changing clothes, it was granted, and she was thereupon taken back to the apartment.
After entering the apartment, the officers conducted a search therein. They found a brown paper bag containing more than an ounce of heroin under a mattress in the bedroom, and a box containing two hypodermic needles exposed to full view in the kitchen.
These are the highlights which form the foundation of the contention that the search of the apartment was not incidental to a *671 lawful arrest and that the act of search and seizure of the contraband, therefore, was illegal and was committed in contravention of defendant’s constitutional rights.
It may be parenthetically remarked at this point that had defendant remained in the apartment and submitted to arrest, in all probability no question would have been raised regarding the validity of the seizure.
I am seriously swayed by the fact that in asking the police officers to allow her to return to the apartment in order to change her garments, defendant, in effect, unequivocally consented, after being placed under arrest, to have the officers return to the apartment with her. In other words, there was, to say the least, an implied, if not a direct, consent for the police to enter the apartment. Once legally in the apartment with defendant, who had, as already observed, attempted to forestall a legal arrest by fleeing, the officers had, in these circumstances, a right to search. (Cf. People v. Hargrave, 40 Misc 2d 556.)
To emphasize, it was while being armed with the unchallenged warrant of arrest before the seizure (cf. People v. O’Neill, 11 N Y 2d 148), that the officer, in the company of defendant and the other officer, had re-entered the premises. When one of the officers saw in the kitchen a box marked “ Hypodermic Needles,” in open view, he thereupon acquired reasonable ground to believe that a crime was then being committed or was in the process of being committed in his presence. This discovery warranted the search of the rest of the premises. (Cf. People v. Swanberg, 22 A D 2d 902, mod. on other grounds 16 N Y 2d 649; People v. Lopez, 22 A D 2d 813.)
In further support of the position I have taken regarding the legal aspect of this motion, I cite the case of People v. Genet (59 N. Y. 80, 82) in which the court remarked: “an escaped prisoner cannot take action before the court.”
Although short of an actual escape, an attempt when considered in connection with an escape, like an attempt when considered in connection with a substantive crime, may also be said to be “ an endeavor to do an act carried beyond mere preparation but falling short of execution.” (People v. Woodley, 273 App. Div. 421, 424.)
In effect, if, by a parity of reasoning, an escaped prisoner “ cannot take action before the court,” it certainly ought to be reasonable to point out with potent conviction that an attempt to escape from officers of the law, who were invested with a legal warrant of arrest, should bear with the attempt the obnoxious consequence of deprivation of “ action before the court,” as pronounced in People v. Genet (supra). In short, defendant’s *672 effort at accomplishment, although ending, in this instance, in dry failure, should be far from any reason to clothe defendant with immunity to save her from the penalty as set forth in People v. Genet (supra). On the contrary, defendant’s flouting of the law as a violator should mark defendant as a bold and daring attempter to become a fugitive from justice, and as such, a wrongdoer unrightfully seeking, on the basis of her deliberate and willful wrong, the aid of the court, a sought-for privilege, on legal principle, that should not be accorded her in the light of Peoples. Genet (supra).
The foregoing dissertation regarding defendant’s status as a wrongdoer, by attempting to flee, and its consequence, is reflected strongly in the following tabloid of horn-book principles of law:
1. Man’s [woman’s] own acts shall be taken most strongly against himself [herself]. (Bayview Gen. Hosp. v. Associated Hosp. Serv. of N. Y., 45 Misc 2d 218, 221; Wharton’s Legal Maxims, No. 18, p. 297.)
2. A defendant intends the natural consequence of his [her] acts. (People v. Fish, 125 N. Y. 136, 153; People v. Conroy, 97 N. Y. 62, 77, 78; People v. Chiaro, 200 N. Y. 316.)
3. No one can take advantage of his [her] own wrong. (Blackstone’s Commentaries [Edited by Bernard C. Gavit; 1941], p. 952; McConnell v. Commonwealth Pictures Corp., 7 N Y 2d 465, 469; Carr v. Hoy, 2 N Y 2d 185.)
4. One ought not to profit by his [her] own wrong. (Balientine ’s Law Dictionary [English translation], p. 240.)
Besides, the following code provision is presented as being apropos to the situation: “If, after notice of intention to
arrest the defendant, he [she] either flee or forcibly resist, the officer may use all necessary means to effect the arrest.” (Code Crim. Pro., § 174.)
In sum then, when factually considered in conspectus and within the measure of the principles of law mentioned heretofore, I hold that, in the circumstances of this case, the search and seizure of the contraband was performed within the right side of the law.
Clearly, the collective elements consisting of the legal warrant of arrest, the defendant’s unsuccessful attempt at flight from the officers of the law, and the defendant’s voluntary return, after being captured, to the apartment at her request but, of necessity, in the custody of the officers as one under legal arrest, all told, tend to form a chain of synchronous events in support of the act of search and seizure by the officers after re-entering the apart *673 ment. It seems obvious to me that if a consent here were or was actually required to bolster the arrest, then defendant’s request to return to the apartment spelled that out, bearing in mind that defendant was already in custody on a valid warrant of arrest.
“No legal wrong is done to him [her] who consents.” (Ballentine’s Law Dictionary [English translation], p. 1345.)
Lest it be overlooked, the fact to be kept in mind is that some of the contraband was in full view of the officers.
In finality, I hold that the acts of the police officers were, in the circumstances, performed according to the standards set by law; therefore, the motion to suppress is denied.