Thomas Dickens, J.
The defendant, Arthur R. Buxbaum, by his attorney, moves pursuant to CPLR 2221 for leave to reargue his unsuccessful prior motion for partial summary judgment with respect to that part of the first cause of action of the complaint which aims at obtaining a recovery upon two renewed notes of a sale governed by the Statute of Limitations of the Securities Act of 1933.
I am granting the request for leave to reargue. I shall now proceed to examine the ins and outs of the pros aud cons of the conflicting affidavits before me, in order to determine whether my decision on the original motion should remain intact or, instead, should be revised.
The cause of action under attack faces a determined challenge for survival as the result of the alleged noncompliance by the *2 plaintiffs with the mandate contained in the three-year Statute of Limitations of the Securities Act in that they had failed to bring their action on the notes within the foregoing restricted period.
The defendant Buxbaum drives home the argument,.in support of his attack, that, under the statute of repose as provided by the terms of section 13 of the Securities Act of 1933 (U. S. Code, tit. 15, § 77m), the plaintiffs were foreclosed from bringing any action on the notes, inasmuch as more than the statutory period of three years had gone by after the sale of the notes, before the action was instituted. This late timing, it is argued, was in diametrical conflict with the three-year limitation as mandated by section 13 of the Securities Act.
As to the law he relies upon, the defendant Buxbaum points out by quotation from the Securities Act that section 13, the supporting mainstay of his attack, mandates in peremptory language that, “‘Inno event shall any such action be brought * * * more than three years after the sale.’ ” And, he bolsters the force of this provision by citing the following language from Shonts v. Hirliman (28 F. Supp. 478, 486) which, however, to my mind deals with the subject of remedy pertaining to statements of sale made before the expiration of the three-year period, and only to such statements when they are exclusive.
££ £ If discovery is not made within three years, no action lies, under any circumstances * * * the object of this clause is merely to set the maximum period during which a person might be held liable, under any circumstances, by reason of any false statements * * * It does not dispense with the requirement that any person who brings an action within the three year period, must do so also within one year after the discovery of the falsity of the statement or the omission.’ ”
It is quite evident to me, as a side commentary for elaboration, that this statute, on a careful reading, concerns itself exclusively with false circumstances which spring up at the time of the sale. Subsequent conduct with respect to false circumstances, in my opinion, is of a different consequent version as a legal proposition, which I shall attempt to point out, especially when such later conduct, after the three years, is a continuation of the prior similar conduct within the three years, forming together a strong influence on the mind thereby.
In the counter affidavit, it is alleged in behalf of the plaintiffs’ position in the form of a sort of prolongation of the situation, “ that the sale of the two notes in issue did not end with their issuance on October 25, 1964 and April 25, 1965 *3 respectively, but that, due to defendant, Arthur R. Buxbaum’s constant reassurances in response to plaintiff’s, Max J. Isaacson, inquiries, there was a continuing sale of those two notes through 1965, 1966 and up to August of 1967. In fact on each occasion when defendant Buxbaum told plaintiff, Max J. Isaacson, that Manufacturers Credit Corp. was in sound financial condition, ‘ as solid as the Rock of Gibraltar, ’ etc., there was a violation of section 12(2) of the Securities Act of 1933, and the time limitation provision of Section 13 of the Act began to run anew.” It is further alleged in the counter affidavit that in response to other post rem inquiries by Isaacson, that is, inquiries made beyond the statutory three years, concerning the subject of sound financial condition, the assurances in the responses from Buxbaum were to the effect that he, Isaacson, should not worry and that the plaintiffs had no basis for suspecting otherwise.
The long the short of it all is, as the picture impresses me, that the alleged post rem representations and consolations made by the defendant Buxbaum, in their effect of supplementing the antecedent statements within the three years, resulted in impostures, which seemingly had the effect of lulling the plaintiff Max J. Isaacson’s mind into an allayed state, so that the result of these impostures was the imbuing in him of implicit confidence in the secureness of his notes. I am convinced that the continuation of the representations after the three-year period, in conjunction with those made during that period, was potent enough to prolong the time for legal action, because the Securities Law, as I view the situation, was not, I repeat, intended to apply to any sale situation that was involved in any kind of acts of circumvention after the three-year period. And so, I emphasize that the securities statute applies solely to representations made preliminarily to, or coincidentally with, a sale of notes transacted within the three years. In other words, the statute of repose is not concerned with postliminary statements, and therefore, it presents no hindrance to an action like that at bar with respect to such kind of statements.
In fine then, my consultatory response regarding the bone of contention of this controversy, is that, in so many words, Buxbaum had, by his misleading of Max J. Isaacson, committed a wrong under the law. Such wrong, in consequence, placed him in the precarious position of tending, and it does now tend, to make unavailable to him the benefit of the statute of repose for use as a stumbling block to the plaintiffs’ suit on the notes, even though the lawsuit came into being after the statutory three years. A wrong, as pronounced by the case law that follows *4 hereto, cannot be utilized as a shield, and at the same time, be used as a sword by him who commits the wrong.
The law as to its consequent effect on the status of a wrongdoer, is clearly set forth by the Court in General Stencils v. Chiappa (18 N Y 2d 125, 127-128), in very explicit language, as follows:
“ The principle that a wrongdoer should not be able to take refuge behind the shield of his own wrong is a truism. The United States Supreme Court has espoused the doctrine in these terms: ‘ To decide the case we need look no further than the maxim that no man may take advantage of his own wrong. Deeply rooted in our jurisprudence this principle has been applied in many diverse classes of cases by both law and equity courts and has frequently been employed to bar inequitable reliance on statutes of limitations.’ ” (Emphasis supplied.)
Of interest, also, is People v. Love (51 Misc 2d 670, 672) wherein it is written: “ One ought not to profit by his [her] own wrong.”
And, in Di Orio v. Molivas (137 N. Y. S. 2d 47-49) the court states, quoting from a citation affirmed by the Court of Appeals : “‘No one will be permitted to urge his own wrong to the detriment of another. ’ ”
Nothing else, at this point, so to speak, remains to be mentioned other than to say, as to my decided view on the subject matter involved, that a triable issue exists; therefore, I lean against the defendant’s view on the question, and so, rule that, after due consideration, as heretofore expressed in my foregoing discussion, my original decision shall remain intact. In consequence, an adversary trial shall be held regarding the determination of the issue of the alleged postliminary representations of inducement and pacification that were made in continuation of those made within the period of the three-year Statute of Limitations.
To sum up then, the upshot of it all is that the original disposition which had denied partial summary judgment, shall continue to be adhered to.
Revision of my partial summary judgment decision is, in the light of my ruling, denied.