849 F.2d 607
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Ricky Lamont JONES, Defendant-Appellant.
 No. 87-5170.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 28, 1988.
Decided: June 8, 1988.
 
 Dennis William Dohnal; Murray Joseph Janus (Bremner, Baber & Janus), for appellant.
 N. George Metcalf, Assistant United States Attorney (Office of the United States Attorney), for appellee.
 Before WIDENER, K.K. HALL and ERVIN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Ricky Lamont Jones was convicted of receiving a firearm after having been convicted of a felony, in violation of 18 U.S.C. Sec. 922(h), and possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C.App. II Sec. 1202(a)(1). The district court entered judgments of conviction on both counts and sentenced Jones to a term of five years imprisonment for the receiving conviction. Although judgment was entered on count two of the indictment the court withheld imposition of sentence on that count.
 
 
 2
 On appeal, Jones' court-appointed attorney filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), stating that in his opinion, with the exception of a perfunctory matter, no meritorious issues exist on appeal. Additionally counsel has moved to withdraw as counsel for Jones. The Government moves for summary affirmance. A copy of the Anders brief and an invitation to supply supplemental materials were provided to Jones, who has responded.
 
 
 3
 In the Anders brief filed in this appeal Jones' attorney contends (1) that the trial court committed reversible error in striking a member of the venire for cause on motion of the Government; (2) that the court committed reversible error in admitting certain hearsay evidence over objection; (3) that the evidence was insufficient as a matter of law to sustain the convictions; and (4) that the court erred in entering judgment of conviction on both counts of the indictment charging a receipt and possession of the same firearm. In his response to the Anders brief Jones challenges the sufficiency of the evidence to support his convictions.
 
 
 4
 The trial judge in a criminal case is vested with wide discretion in determining the competency and qualifications of jurors and his judgment will not be interfered with except in the case of an abuse of discretion. Bratcher v. United States, 149 F.2d 742, 745 (4th Cir.), cert. denied, 325 U.S. 885 (1945). Our review of the record reveals no abuse of discretion in the district court's decision to strike a potential juror for cause.
 
 
 5
 We also find no error in the admission of the testimony challenged as inadmissible hearsay. The testimony was properly admitted under Rule 803(1) of the Federal Rules of Evidence.
 
 
 6
 We find no merit in Jones' challenge to the sufficiency of the evidence in this case. The standard of review for sufficiency of the evidence claims is whether, after viewing the evidence in the light most favorable to the government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. United States v. Walker, 796 F.2d 43, 49 (4th Cir.1986). Additionally, we must consider circumstantial as well as direct evidence and must allow the Government the benefit of all reasonable inferences from the facts proven to the facts sought to be established. United States v. Tresvant, 677 F.2d 1018 (4th Cir.1982). Finally, the credibility of witnesses is within the sole province of the jury and is not susceptible to review. Piqford v. United States, 518 F.2d 831 (4th Cir.1975). Mindful of these standards we conclude that the evidence was sufficient to sustain the convictions on both counts of the indictment. Credibility of witnesses was a crucial issue for the jury. The Government offered sufficient credible evidence to support the convictions. The jury simply rejected Jones' theory that the firearm which was discovered in the alley was left there by someone else.
 
 
 7
 Jones' final assignment of error, however, does have merit. Jones contends, and apparently the Government does not disagree, that his simultaneous convictions under 18 U.S.C. Sec. 922(h) for receiving the firearm, and under 18 U.S.C.App. II Sec. 1202(a)(1) for possessing the same firearm, are violative of the double jeopardy clause of the Constitution. One of the convictions involving this weapon must, therefore, be vacated.
 
 
 8
 In Ball v. United States, 470 U.S. 856 (1985), the Supreme Court considered whether a felon possessing a firearm may be convicted and concurrently sentenced under Sec. 922(h), for receiving that weapon and under Sec. 1202(a)(1), for possessing the same weapon. In vacating the judgment of the Court of Appeals in Ball the Court stated:
 
 
 9
 The separate conviction, apart from the concurrent sentence, has potential adverse collateral consequences that may not be ignored. For example, the presence of two convictions on the record may delay the defendant's eligibility for parole or result in an increased sentence under a recidivist statute for a future offense. Moreover, the second conviction may be used to impeach the defendant's credibility and certainly carries the societal stigma accompanying any criminal conviction. [citations omitted] Thus, the second conviction, even if it results in no greater sentence, is an impermissible punishment.
 
 
 10
 470 U.S. at 865 (emphasis in original). Accordingly, we must remand this case with instructions to the district court to exercise its discretion and vacate the judgment of conviction on either count one or count two of the indictment. In all other respects Jones' conviction is affirmed.
 
 
 11
 In accordance with Anders, supra, we have independently reviewed the record and have found no meritorious issue not raised by either Jones or his attorney.
 
 
 12
 In the case of an unsuccessful appellant represented by appointed counsel the responsibilities of the attorney are set forth in the plan adopted by the Fourth Circuit Judicial Council in implementation of the Criminal Justice Act, 18 U.S.C. Sec. 3006A. These responsibilities include informing his client in writing of his right to petition the Supreme Court for a writ of certiorari. If so requested by his client, counsel should prepare a timely petition for the writ and take the steps necessary to protect the rights of his client. Accordingly, we deny counsel's motion for leave to withdraw and deny the Government's motion for summary affirmance. Because the dispositive issues recently have been decided authoritatively, we dispense with oral argument and remand this case for further proceedings consistent with this opinion.
 
 
 13
 REMANDED.